IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW BOEHM, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>VW CREDIT, INC., a Delaware Corporation; and VW CREDIT LEASING LTD., a Delaware Corporation;<br><br>Defendants. | **8:21CV406**<br><br>**MEMORANDUM AND ORDER** |

BACKGROUND

On December 20, 2021, the undersigned entered an order compelling arbitration of the claims between Plaintiff and Defendants. Although Plaintiff had failed to timely respond to that motion, the court considered the merits and determined Plaintiff's claims were within the scope of the arbitration clause in the parties' contract. (See Filing No. 17).

Plaintiff has now filed a "Motion for Relief from Order and For Leave to File Plaintiff's Opposition to Defendants' Motion to Compel Arbitration." (Filing No. 18). Plaintiff's counsel states he miscalculated the opposition due date under the local rules, believing the response to Defendants' motion was due on December 23, 2021 instead of December 16, 2021. Plaintiff asserts that the court granted Defendants' motion "because of Plaintiff's lack of response" (Filing No. 18 at CM/ECF p. 2), and he now requests that "the Court set aside its order compelling arbitration and instead permit Plaintiff leave to file the Opposition brief." (Filing No. 18 at CM/ECF p. 2). The entirety of "Legal Argument" portion of the proposed brief is as follows:

> In order to address Defendants' practice of altering the advertised purchase option price, Plaintiff brings a claim on behalf of himself and a putative class for violations of the Consumer Leasing Act, 15 U.S.C. § 1667, UCC § 2-708, Neb. Revised § 87-302(a)(5) and (10), Fraudulent Omission and False Advertising.
>
> Defendants move to compel arbitration. Plaintiff does not contest that the arbitration agreement is generally valid and enforceable as to certain claims. However, Plaintiff's claims for false disclosures under the Consumer Leasing Act, False Advertising and Fraudulent Omission all took place in advertisements and during the sales process well before the signing of the arbitration agreement. Id. ¶¶ 1-2, 19-24. Plaintiff understood and relied on the advertised closed end purchase price. These claims that Plaintiff relied on prior to the signing of the Agreement are not subject to arbitration.
>
> Though false advertising claims are arbitrable in general, this alleged false advertising, and Plaintiff's reliance on it, occurred prior to his signing of the Agreement with Defendants. Because the arbitration clause does not explicitly encompass claims that predate the signing of the Agreement, Plaintiff's false advertising claims are not arbitrable.

Filing No. 18-1 at CM/ECF pp. 3-4. Plaintiff requests that Defendants' Motion to Compel Arbitration be denied as to the claims under the Consumer Leasing Act and for False Advertising and Fraudulent Omission. (Filing No. 18-1 at CM/ECF p. 4).

Defendants argue that Plaintiff's motion is "devoid of any supporting brief or legal authority supporting his request that the Court vacate its detailed December 20, 2021 Order." (Filing No. 19). Defendants argue that Plaintiff's request to submit a brief in response to the motion and the Plaintiff's opposition to the motion itself must fail because Plaintiff did not comply with the Federal Rules of Civil Procedure

2

and this court's Local Rules.[1]

In response, Plaintiff concedes that the court has discretion to "treat Plaintiff as having conceded to Defendants' motion" but asserts the grounds for relief in his motion was stated clearly and there is a "strong judicial preference" for adjudication on the merits. (Filing No. 20 at CM/ECF p. 2).

## ANALYSIS

The December 20, 2021 order deemed the motion to compel arbitration as unopposed, but it nonetheless addressed the merits of Defendants' motion. The undersigned considered the validity and enforceability of the arbitration agreement, and whether the claims in Plaintiff's complaint fall within the scope of that agreement.

Boehm's complaint involves one transaction – the execution of a vehicle leasing agreement – and the plaintiff signed the arbitration agreement as part of that transaction. His complaint does not challenge the arbitration clause specifically. Rather, he claims Defendant led him to believe he entered into a closed-end vehicle lease which would allow him to sell his contract at the end of the lease term. He alleges that contrary to Defendant's representations, when his leasing term ended, Defendant breached the contract by converting it to an open-end lease, changing the contract price, and attempting to hide the altered price. Plaintiff alleges that during the negotiation process, Defendant engaged in false

---

[1] See Fed. R. Civ. P. 7(b)(1)(B) (requiring that a request for a court order must be made by a motion and the motion must "state with particularity the grounds for seeking the order"); See, also NeCivR 7.1(a)(1)(A) which states:
> A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. The brief must be separate from, and not attached to or incorporated in, the motion or index of evidence. The brief must concisely state the reasons for the motion and cite to supporting authority.

advertising and fraudulent concealment, and it violated consumer protection statutes.

Plaintiff argues that since his claims arose during the negotiation process, they predate signing the lease agreement containing an arbitration clause and therefore his claims are beyond that scope of that clause. The arbitration clause within the leasing agreement applies to:

> Any claim or dispute, whether in contract, tort, statue or otherwise . . . between you and us or our employees, agents, successors, or assigns, which arises out of or relates to your credit application, lease, or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who did not sign this Lease) . . ..

(Filing No. 16-2 at CM/ECF p. 5).

The broad language of the arbitration agreement expressly encompasses claims that <u>arise out of or relate to</u> the lease. Whether the plaintiff was induced to enter into the lease because of a reliance upon Defendants' advertisements or representations during the negotiation process relates to the execution of the lease itself. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967) (holding a claim for fraud in the inducement of the entire contract was for arbitrators where the arbitration clause covered any controversy or claim arising out of or relating to the agreement). See also, AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011) (enforcing arbitration where the plaintiff allegedly engaged in false advertising and fraud by charging sales tax on "free" phones). "[A] claim of fraud in the inducement of the contract generally, because it does not go to the 'making and performance of the agreement to arbitrate,' is properly left to arbitration." Houlihan v. Offerman & Co., 31 F.3d 692, 695 (8th Cir. 1994) (enforcing arbitration clause in a contract where the plaintiff claimed Defendant allegedly recited false reasons for requiring

4

Plaintiff's signature on the account application and fraudulently omitted the terms of the customer agreement).

Citing Morse v. Servicemaster Global Holdings, Inc., 2012 U.S. Dist. LEXIS 144691, 2012 WL 4755035, at *5 (N.D. Cal. Oct. 4, 2012), Plaintiff argues "the language of an arbitration agreement must be 'retroactive on its face' to encompass claims that predate the execution of the arbitration agreement." (Filing No. 18-1 at CM/ECF pp. 3-4). In Morse, employees filed lawsuits against their employer seeking redress for unpaid overtime, meal and rest-breaks, and business expenses and thereafter signed new employment documents (employment agreements, confidentiality agreements, employee handbook acknowledgements, compensation agreements, etc.) which included arbitration clauses. The defendants argued that even though the plaintiffs signed the arbitration agreements *after* they filed their lawsuits, the arbitration agreements applied retroactively, and the plaintiffs' lawsuits must be submitted to arbitration. Morse disagreed, holding that since the arbitration clause was not retroactive on its face, lawsuits that predated the arbitration agreements were not subject to mandatory arbitration.

The circumstances in Morse are wholly distinguishable from the above-captioned case. Here, Plaintiff's claims are inextricably linked to the formation, interpretation, and enforcement of the lease agreement that contains the arbitration clause at issue. His claims, if any, do not exist independent of that agreement. They therefore arise under and are related to the language of the lease agreement, are within the scope of the arbitration clause, and must be arbitrated.

Accordingly,

IT IS ORDERED that as to Plaintiff's motion to file a brief in opposition to Defendant's motion to compel arbitration, and for reconsideration of the undersigned's December 20, 2021 order, (Filing No. 18),

1)      Plaintiff's motion to file an opposition brief is granted, and Plaintiff's brief opposing Defendant's motion to compel arbitration, (Filing No. 19), is deemed timely filed.

2)      After considering Plaintiff's arguments, the court finds Defendant's motion to compel arbitration must be granted, and the court's prior order, (Filing No. 17), remains in effect.

Dated January 18, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge